Robert D. Prine (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.;<br>LIBERTY MUTUAL INSURANCE<br>COMPANY, INC.<br><br>        Defendants. | Case No.: 4:23-cv-06081-DMR<br><br>**DEFENDANT UNITED PARCEL SERVICE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF NICHOLAS STEPHENS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: January 11, 2024<br>Hearing Time: 1:00 p.m.<br>Dept.: 4<br>Judge: Hon. Donna M. Ryu<br>Complaint Filed:   October 16, 2023<br>Trial Date:          Not Yet Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on January 11, 2024 at 1:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court, located at 1301 Clay Street, Oakland, CA 94612 before the Honorable Donna M. Ryu, Defendant United Parcel Service, Inc. ("Defendant") will, and hereby does, move the court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

/ / /

Defendant brings the Motion on the following grounds:

1. Plaintiff's negligence cause of action fails because Plaintiff has not alleged sufficient facts to state a claim.

2. Plaintiff's negligence cause of action also fails because Plaintiff's claims are barred by the workers' compensation exclusivity doctrine.

3. Plaintiff's negligence cause of action for also fails because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act.

Defendant's Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of Robert D. Prine in support thereof, any oral argument as may be presented at the hearing, and all other papers, records, and pleadings on file in this action, as well as any additional evidence and argument as the Court may allow prior to, during, or after the hearing on this motion.

Dated: November 29, 2023                    DINSMORE & SHOHL LLP

                                                          By: /s/ Robert D. Prine
                                                          ROBERT D. PRINE
                                                          Attorney for Defendant,
                                                          UNITED PARCEL SERVICE, INC.

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................6

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND......................6

III. STANDARD OF REVIEW...................................................................................7

IV. LEGAL ARGUMENT ..........................................................................................8

    A.    Plaintiff's Form Complaint Fails to Satisfy the Federal Pleading Standards ..................................................................................................................8

    B.    Even if Plaintiff Could Adequately Plead His Negligence Claim, It Is Barred by the Workers' Compensation Exclusivity Doctrine ..................9

    C.    Plaintiff's Claim Is Also Preempted By Section 301 of the LMRA.......10

V. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985).................................................................................................10

*American Ass'n of Naturopathic Physicians v. Hayhurst*,
    227 F. 3d 1104 (9th Cir. 2000).....................................................................................8

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990).......................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................7

*Bible v. GC Servs. LLP*,
    2019 WL 4137615 (C.D. Cal. June 6, 2019)..........................................................8, 9

*Coit v. Drapery Cleaners, Inc. v. Sequoia Ins. Co.*,
    14 Cal. App. 4th 1595 (1993)......................................................................................9

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
    911 F.2d 242 (9th Cir. 1990).......................................................................................8

*Country Nat'l Bank v. Mayer*,
    788 F. Supp. 1136 (E.D. Cal. 1992)............................................................................7

*Johns-Manville Products Corp. v. Superior Court*,
    27 Cal. 3d 465 (1980).................................................................................................9

*Ladd v. County of San Mateo*,
    12 Cal. 4th 913 (1996)................................................................................................8

*Langevin v. Federal Exp. Corp.*,
    2015 WL 1006367 (C.D. Cal. Mar. 6, 2015)..............................................................9

*Lockman Found. v. Evangelical Alliance Mission*,
    930 F.2d 764 (9th Cir. 1991).......................................................................................7

*Miller v. AT&T Network Sys.*,
    850 F.2d 543 (9th Cir. 1988).....................................................................................10

*Montes v. Young Men's Christian Assn. of Glendale, California*,
    81 Cal. App. 5th 1134 (2022)......................................................................................8

*Pichon v. Pacific Gas & Electric Co.*,
    212 Cal. App. 3d 488 (1989).......................................................................................9

*Price v. Molaki Gen. Hosp.*,
  2010 U.S. Dist. LEXIS 18522, at *9-10 (D. Haw., Feb. 10 2010) ........................10

*United States ex rel. Chunie v. Ringrose*,
  788 F.2d 638 (1986) ........................................................................................7

*Vuillemainroy v. Am. Rock & Asphalt*,
  70 Cal. App. 4th 1280 (1999)..........................................................................9

**Statutes**

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................7

Labor Management Relations Act §301 ............................................................6, 8, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief may be granted. Specifically, the form Complaint fails to satisfy federal pleading standards. Further, the workers' compensation exclusivity doctrine and Section 301 of the Labor Management Relations Act also preempt Plaintiff's claim. For these three independent reasons, Defendant requests that the Court dismiss Plaintiff's Complaint, with prejudice.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff (who is pro per) filed a form complaint ("Complaint") in the Superior Court of California, County of Alameda, on October 16, 2023. The Complaint purports to allege one cause of action for negligence against "United Parcel Services Inc. and jon does 1." *See* Declaration of Robert D. Prine in Support of Defendant UPS Inc.'s Motion to Dismiss Plaintiff's Complaint ("Prine Decl."), ¶ 2, Exhibit A (Complaint), at Pg. 6.[1] In describing the alleged negligent conduct in his Complaint, Plaintiff simply states "mail sorting facility, premeditated hate crime physical assault W/GBI (jon doe (1)layed and waited) witnessed by facility surveillance system, see attached NLRB charge and Affidavit, Awaiting Oakland police report." *Id*.

To his Complaint, Plaintiff attached several documents including some materials submitted to the Workers' Compensation Appeals Board for the State of California ("WCAB"). Prine Decl., ¶ 2, Exhibit A, Pgs. 10-21. Plaintiff also attached documents relating to a National Labor Relations Board ("NLRB") Charge against UPS, including a Confidential Witness Affidavit wherein Plaintiff identified a March 2022 incident where he was allegedly "assaulted by a supervisor" and injured. *Id*., at Pgs. 22-25

---

[1] On Page 3 of the Complaint, Plaintiff alleges the following causes of action were attached: general negligence, intentional tort, premises liability, and professional misconduct. Prine Decl., ¶ 2, Ex. A, pg. 3. However, Plaintiff only attached one cause of action alleging negligence. Plaintiff also includes general allegations against the other Defendants in the case, but does not plead a single cause of action against them. *Id*., at Pg. 6.

Plaintiff, a Union member, also claimed in his NLRB Charge that UPS violated his collective bargaining agreement. *Id*. Finally, Plaintiff also requests compensatory and punitive damages of $10,000,000.00. *Id*. at Pg. 3.

On November 22, 2023, Defendant removed this case to the U.S. District Court, Northern District of California. Prine Decl., ¶ 3; *See* Docket No. 1. On November 28, 2023, the parties met and conferred regarding this Motion, but were unable to come to an agreement regarding the issues. *Id*. at ¶ 3. As such, Defendant United Parcel Service, Inc. requests that this Court dismiss Plaintiff's claims against it with prejudice

### III.  STANDARD OF REVIEW

A motion to dismiss under FRCP Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. Per applicable pleading standards, it is a plaintiff's obligation to provide the grounds of his entitlement to relief based more than mere labels and conclusions; a formulaic recitation of a cause of action's elements will not satisfy pleading requirements. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (1986). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A party's failure to plead "enough facts to state a claim to relief that is plausible on its face," warrants dismissal of the claim. *Twombly*, 550 U.S. at 570. Further, the court cannot assume that the plaintiff can prove facts that have not specifically been alleged. *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D. Cal. 1992).

Dismissal with prejudice is also proper if, after reviewing the complaint, the documents it refers to or attaches, and the information for which the Court takes judicial notice, "it is apparent … that granting leave to amend … would [be] futile…." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

The Court has no obligation to permit an amendment to the complaint if "it determines the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Finally, a "pro se litigant is not excused from knowing the most basic pleading requirements" or from following court rules. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F. 3d 1104, 1107 (9th Cir. 2000).

As demonstrated below, even when considering the alleged facts in the light most favorable to Plaintiff, the Complaint: (i) fails to state legal claims for which relief may be granted; and (ii) is subject to dismissal pursuant to the workers' compensation exclusivity doctrine and Section 301 of the Labor Management Relations Act.

## IV.   LEGAL ARGUMENT

### A.   Plaintiff's Form Complaint Fails to Satisfy the Federal Pleading Standards

A cause of action for negligence requires that Plaintiff establish: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). The existence of a duty is a question of law for the court. *Montes v. Young Men's Christian Assn. of Glendale, California*, 81 Cal. App. 5th 1134, 1139-40 (2022).

In *Bible v. GC Servs. LLP*, 2019 WL 4137615 (C.D. Cal. June 6, 2019), after the defendant removed the case from state court, the Central District dismissed the plaintiff's "general negligence" form complaint because it, "d[id] not plead facts necessary to plausibly establish any claims for relief." *Bible v. GC Servs. LLP*, 2019 WL 4137615 167104, at *3-4. In granting the dismissal, the court specifically noted that the complaint "include[d] no information regarding the claim, making it impossible for [Defendant] to prepare a defense, or even determine which particular legal defenses may be available to it." *Id.* at *4.

/ / /

/ / /

Similarly to the facts warranting dismissal in *Bible*, here Plaintiff's Complaint does not facially provide any information regarding his claim. The Complaint merely attaches documentation regarding a workers' compensation claims and NLRB charge and requires UPS to divine the factual basis for his claim. However, it is impossible for Defendant to identify the nexus of this unrelated paperwork to his current claim of negligence. Plaintiff vaguely mentions a "hate crime" and "physical assault", but there are no allegations pertaining to any duty owed by Defendant or a breach of the same. Prine Decl., ¶ 2, Exhibit A, Pg. 6. Accordingly, Defendant cannot prepare a defense or determine which legal defenses may be available in response to Plaintiff's Complaint. For this reason alone, dismissal is warranted.

### B. Plaintiff's Claim Is Also Barred by the Workers' Compensation Exclusivity Doctrine

Even if Plaintiff had adequately plead a negligence claim (he has not), his Complaint should still be dismissed because his lone negligence claim is barred by California's workers' compensation exclusive remedy rule. *See Langevin v. Federal Exp. Corp.*, 2015 WL 1006367, *29 – 30 (C.D. Cal. Mar. 6, 2015). "[A]n employer is liable for injuries to its employees arising out of and in the course of employment, and section 3601 declares that where the conditions of workers' compensation exist, the right to recover such compensation is the <u>exclusive</u> remedy against an employer for injury or death of an employee." *Johns-Manville Products Corp. v. Superior Court*, 27 Cal. 3d 465, 467-468 (1980)(emphasis added).

California courts have repeatedly applied this doctrine to common negligence claims allegedly attributable to the employer's negligence or misconduct. *See e.g. Coit v. Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 14 Cal. App. 4th 1595, 1605-1606 (1993) (holding that a negligence claim would be barred by the workers' compensation exclusivity doctrine); *See also Vuillemainroy v. Am. Rock & Asphalt*, 70 Cal. App. 4th 1280, 1282 (1999) (finding that a general negligence lawsuit was barred by the workers' compensation exclusivity doctrine); *Pichon v. Pacific Gas & Electric Co.*,

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

212 Cal. App. 3d 488, 504 (1989) (holding that any claims for damages based on termination of employment were barred by workers' compensation exclusivity and "Appellant is therefore barred from litigating his causes of action for negligent and intentional infliction of emotional distress.")

Here, Plaintiff's Complaint alleges he was injured at work; thus, the injury arose out of the course and scope of his employment. Beyond that, Plaintiff fails to plead any facts demonstrating that UPS' alleged negligence arose outside the normal course of his employment. More importantly, as alleged in his Complaint and the attached documents, Plaintiff actually filed a claim with the WCAB and pursued a workers' compensation claim regarding his injury. Taking the facts of the Complaint, along with the attachments and documents presented to the WCAB, as true for purposes of this motion only, a workers' compensation claim (which he already filed) is Plaintiff's exclusive remedy for Defendant's alleged conduct and the damages that followed. Accordingly, Plaintiff's negligence claim should be dismissed with prejudice as it would be futile to allow leave to amend.

### C. Plaintiff's Claim Is Also Preempted By Section 301 of the LMRA

Finally, Plaintiff's claim should be dismissed because it is preempted by the Labor Management Relations Act ("LMRA"). Section 301 of the LMRA preempts all state-law causes of action where their evaluation requires interpretation of a labor contract's terms. *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988). Specifically, suits alleging California torts are governed by federal labor law if their determination is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).  State law negligence claims are preempted if the duty relied on is created by a collective bargaining agreement. *See Price v. Molaki Gen. Hosp.*, Civil No. 09-00548 DAE-KSC, 2010 U.S. Dist. LEXIS 18522, at *9-10 (D. Haw., Feb. 10 2010) (holding that a negligent supervision claim would necessarily require interpretation of the terms of a CBA).

Plaintiff was a member of the International Brotherhood of Teamsters, Local 70. Prine Decl., ¶ 2, Exhibit A, Pg. 22. Plaintiff filed a claim with the National Relations Board on or around September 27, 2023.[2] *Id*. In his Confidential Witness Affidavit attached to his NLRB Charge, Plaintiff concedes, as he must, that the terms and conditions of his employment were governed by collective bargaining agreements. *Id*., at Pg. 23 – 25. Plaintiff also admits that he "was injured at work in March 2022 by getting assaulted by a supervisor." *Id*., at Pg. 24. He further contended:

> "The Union is not processing my grievances. After I was assaulted last year in March 2022, the Union said that they would be assisting me with the assault and would file a grievance for me. They never filed that grievance of the assault."

Prine Decl., ¶ 2, Exhibit A, Pg. 24.

By filing a claim with the NLRB, Plaintiff acknowledges that the conduct alleged in the Complaint fell within the terms and conditions outlined by Defendant's collective bargaining agreements with Plaintiff's Union. By Plaintiff's own admission, the claims in his suit are inextricably intertwined the terms and conditions of his collective bargaining agreement. Plaintiff cannot now bypass the negotiated collective bargaining agreements and his NLRB claim, and seek relief in federal court, thereby negating the entire body of statutory law enacted via the LMRA. Accordingly, for this additional reason, Plaintiff's claims are preempted and cannot be cured by providing leave to amend the Complaint.

---

[2] Notably, Plaintiff's Charge alleges, "the Employer discriminated against employee Nicholas Stephens by failing to provide the employee with temporary disability after terminating the employee in retaliation for or in order to discourage protected concerted activities." Prine Decl., ¶ 2, Exhibit A, Pg. 22. To the extent Plaintiff would amend his Complaint to allege a retaliation claim based on his "concerted activities", this would be preempted by the NLRA. *See* 29 U.S.C. § 157; *See also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959) ("When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the [NLRA], or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that a state jurisdiction must yield.")

## V.   CONCLUSION

For the foregoing reasons, UPS requests the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:  November 29, 2023                DINSMORE & SHOHL LLP


                                          By:  /s/ Robert D. Prine
                                               ROBERT D. PRINE
                                               Attorney for Defendant,
                                               UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on November 29, 2023, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Nicholas Stephens
19983 Forest Ave., Apt. 1
Castro Valley, CA 94546
T: (510) 586-4420
E: nickstephens120@yahoo.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

                                        /s/ Robert D. Prine
                                        Robert D. Prine