UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No. 3:23-cv-06081-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND PLAINTIFF'S RELATED MOTIONS**<br><br>Re: Dkt. Nos. 6, 14, 15, 16 |

Nicholas Stephens, who is representing himself, filed this personal injury action in the Alameda County Superior Court. Defendant, United Parcel Service, removed the action based on diversity of citizenship. *See* 28 U.S.C. § 1332. Defendant's motion to dismiss for failure to state a claim is now pending before the Court. (Dkt. No. 6.[1]) After Defendant's motion was fully briefed, Plaintiff filed motions for ADA accommodations and an evidentiary hearing related to any hearing on the motion to dismiss, as well as a motion for appointment of pro bono counsel. (Dkt. Nos. 14, 15, 16.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss with leave to amend. Plaintiff's motions are DENIED for the reasons explained below.

**DISCUSSION**

**A. Motion to Dismiss**

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "A claim has facial

2    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3    inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

4    678 (2009).   Further, a complaint must contain "a short and plain statement of the claim showing

5    that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a plaintiff files a complaint

6    without representation by a lawyer, the Court must "construe the pleadings liberally ... to afford

7    the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

8    (cleaned up). "A district court should not dismiss a pro se complaint without leave to amend

9    unless it is absolutely clear that the deficiencies of the complaint could not be cured by

10   amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

11          Plaintiff's complaint, which was filed on the state court form for a complaint based on

12   personal injury, property damage, or wrongful death, does not include sufficient information to

13   determine the nature of his claim(s).  (Dkt. No. 1-2.)   Plaintiff checked the boxes for "gross

14   negligence, intentional tort, premises liability, and other "professional misconduct."  (*Id.* at 4.)

15   Under the "Cause of Action—Premise Liability" heading, Plaintiff alleges "plaintiff was injured

16   on the following premises [unreadable] the following fashion mail sorting facility, premediated

17   hate crime physical assault W/GBI (jon doe (1) layed [sic] and waited) witnessed by facility

18   survellance [sic] system, see attached NLRB charge and Affidavit, Awaiting Oakland police

19   report." (*Id.* at 5.)

20           Although the federal rules require brevity in pleading, a complaint nevertheless must be

21   sufficient to give the defendants "fair notice of the claim and the 'grounds upon which it rests."

22   *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).  "A complaint that fails to state the

23   specific acts of the defendant that violated the plaintiff's rights fails to meet the notice

24   requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL

25   4284825, at *3 (N.D. Cal. July 27, 2020).  Plaintiff's allegations fail to satisfy this standard.  The

26   basis for Plaintiff's personal injury and/or negligence claim(s) is unclear from the Complaint.

27   However, Plaintiff's opposition to Defendant's motion to dismiss and later filed declaration

28   contain additional information regarding the nature of his claim(s).  (Dkt. Nos. 10, 12.)

Accordingly, the Court grants Defendant's motion to dismiss for failure to state a claim and grants Plaintiff leave to amend to elaborate the basis for his legal claim(s) and allege facts in support of those claim(s). Because the nature of Plaintiff's legal claims is unclear at this time, the Court declines to consider Defendant's arguments that Plaintiff's claims are barred by the workers' compensation exclusivity doctrine and are preempted by Section 301 of the Labor Management Relations Act.

### B. Motion for Appointment of Counsel

"[T]he appointment of counsel in a civil case is ... a privilege and not a right." *Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (stating that "[g]enerally a person has no right to counsel in civil actions"). The Court "may under exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). To determine whether "exceptional circumstances" are present, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Having considered these factors, the Court concludes Plaintiff has not yet demonstrated a likelihood of success or that the issues in this case are sufficiently complex, so the interests of justice do not warrant appointment of pro bono counsel at this time. Plaintiff's motion for appointment of counsel is denied without prejudice. (Dkt. No. 15.)

### C. Plaintiff's Other Pending Motions

Plaintiff's motion for ADA accommodations and an evidentiary hearing relate to the hearing on Defendant's motion to dismiss. (Dkt. Nos. 14, 16.) Because the Court grants that motion with leave to amend, Plaintiff's motions are denied as moot without prejudice to renewal in the context of any future motion to dismiss.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted with leave to amend. Plaintiff's motion for appointment of pro bono counsel is denied. Plaintiff's motion for an ADA accommodation and an evidentiary hearing are denied as moot.

3

Any amended complaint is due February 29, 2024.  **Plaintiff is reminded he may seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org.**

This Order disposes of Docket Nos. 6, 14, 15, and 16.

**IT IS SO ORDERED.**

Dated: February 2, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge