UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>Defendants. | Case No. 3:23-cv-06081-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT; MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 21, 25 |

Nicholas Stephens, who is representing himself, has filed three actions against his former employer United Parcel Service ("UPS"). *See* Nos. 23-6081, 24-500, 24-546. Shortly after this—the first filed action—was removed from the Alameda County Superior Court, UPS moved to dismiss the complaint on numerous grounds. The Court granted the motion to dismiss and Plaintiff has since filed a First Amended Complaint, which UPS has also moved to dismiss. (Dkt. Nos. 17, 18, 21.) Having considered the parties' briefs and having had the benefit of oral argument on May 2, 2024, the Court GRANTS UPS's motion to dismiss with leave to amend in part.

**BACKGROUND**

Plaintiff filed this personal injury action in the Alameda County Superior Court and UPS removed it to this Court based on diversity of citizenship. *See* 28 U.S.C. § 1332. The Court granted Defendant's motion to dismiss because the basis for Plaintiff's personal injury claim was unclear. (Dkt. No. 17 at 2.) However, before the Court ruled on UPS's motion, Plaintiff filed two new actions directly in this District also against UPS; these new actions appear to arise out of the same incident as this case. *See* Nos. 24-500, 24-246. This Court has related all three actions so they are proceeding together. The pending motions in those cases are addressed by separate order.

1    Plaintiff's First Amended Complaint added Liberty Mutual Insurance Company as a

2 Defendant and alleges nine claims for relief:

3    (1) the Civil Rights Act of 1964 ("Title VII") against UPS,

4    (2) the National Labor Relations Act against UPS,

5    (3) California Labor Code § 3203,

6    (4) the Victims' Rights and Restitution Act under 34 U.S.C. § 20141 and the Crime Victims' Rights Act under 18 U.S.C. § 3771,

7    (5) "unfair labor practices" against UPS,

8    (6) California Civil Code 3281 as to UPS,

     (7) California Labor Code 3602 as to UPS,

9    (8) California Labor Code 3709.5 as to UPS, and

10   (9) 18 U.S.C. § 241 at to UPS.

11 (Dkt. No. 18.)  While the first, second and fifth through ninth claims are pled against UPS, it is

12 unclear which defendants, if any, the third and fourth claims are pled against.  Further, beyond

13 naming Liberty Mutual as a defendant, there are no specific allegations as to Liberty.  Nor does it

14 appear Liberty Mutual has been served.  UPS moves to dismiss the first through fourth claims for

15 relief, but makes no reference to the fifth through ninth claims, which appear after the "request for

16 relief" section of the complaint. (Dkt. No. 21; Dkt. No. 18 at 12-14.)

17    The gist of Plaintiff's claims are as follows.  Plaintiff worked for UPS for five years prior

18 to the incident on March 22, 2022.  (Dkt. No. 18 at 4.)  On that date, Plaintiff filed a union

19 grievance against his supervisor for violating the collective bargaining agreement job

20 specifications prohibiting supervisors from performing union-assigned work.  (*Id.* at 6.)  When the

21 supervisor learned of the grievance, he yelled at Plaintiff saying "nobody told him how to run his

22 building" and he "could beat Plaintiff's 'white ass.'"  (*Id*. at 5.)  Shortly thereafter, the supervisor

23 confronted Plaintiff in the parking lot on Plaintiff's lunch break yelling: "I am going to beat your

24 ass, white boy! You want to grieve me by filing a complaint against me."  (*Id*. at 6.)  The

25 supervisor then physically assaulted Plaintiff.  (*Id*.)  Plaintiff alleges "[i]n the aftermath of the

26 incident, false statements and attempts to mislead law enforcement and the public were made by

27 the Defendants." (*Id*. at 4.)  Plaintiff seeks $10 million in damages.

28 //

**DISCUSSION**

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Further, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

**A. Title VII**

Plaintiff's first claim for relief appears to allege Title VII claims for "employment discrimination based on race, color, religion, sex, or national origin" and "retaliation by employers for engage in activities protected by the law."  (Dkt. No. 17 at 7-8.)  The elements of a Title VII discrimination claim are that the plaintiff: (1) belongs to a protected class, (2) performed his job satisfactorily, (3) suffered an adverse employment action, and (4) the employer treated him differently because of his membership in the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal citation omitted). A retaliation claim requires a plaintiff to show: "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

**1.  Administrative Exhaustion**

Before bringing a Title VII claim, a plaintiff must exhaust available administrative remedies by filing a timely complaint with the EEOC or an authorized state agency. 42 U.S.C. §

3

2000e-5(f)(1); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("[T]o bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies."). A plaintiff exhausts their "administrative remedies by filing a charge with the EEOC ... and receiving a right-to-sue letter." *Scott v.Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018). "Title VII's charge-filing requirement is a processing one, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). While the requirement is not jurisdictional, the charge-filing requirement remains a "mandatory processing rule," and a plaintiff "must allege compliance with that requirement ... in order to state a claim on which relief may be granted." *Williams v. Wolf*, No. 19-CV-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) (quoting *Fort Bend*, 139 S. Ct. at 1851) (cleaned up).

UPS moves to dismiss Plaintiff's Title VII claim for failure to state a claim and failure to exhaust. Plaintiff's First Amended Complaint does not include any allegations regarding exhaustion and Plaintiff's opposition brief does not dispute he has not exhausted his claims and instead argues the merits of his claim. (Dkt. No. 23 at 2.) Because Plaintiff has not alleged he exhausted his Title VII claim with the EEOC or the state counterpart, Defendant's motion to dismiss on this basis is granted. *See Fort Bend*, 139 S. Ct. at 1851 (stating exhaustion is a "mandatory" "processing rule."). The dismissal on this basis is with leave to amend because at oral argument Plaintiff represented he could allege exhaustion.

### 2. Failure to State a Claim

UPS's motion to dismiss for failure to state a claim is also granted. Plaintiff's Title VII claim appears to allege he was retaliated against for engaging in an activity protected by the law. Title VII prohibits employers from retaliating against their employee if the employee "'opposed' a practice Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe R.R. v. White*, 548 U.S. 53, 59, (2006) (quoting 42 U.S.C. § 2000e-3(a)). The "opposition clause" protects employees who opposed reasonably perceived discrimination under Title VII, meaning the opposed conduct "must fairly fall within the protection of Title VII." *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir.

1988). Although the "participation clause" protects employees "who utilized the tools provided by Congress [through Title VII] to protect their rights," the participation clause requires "the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII;" it is not enough that the employee is participating in some investigation or that the investigation or charge involves "some sort of discrimination." *Id*.

Here, Plaintiff's claim appears based on the participation clause as he alleges he was assaulted because he filed the grievance; however, as alleged, the grievance did not involve discrimination, but rather, that the supervisor "violat[ed] the collective bargaining agreement job specifications prohibiting supervisors from performing union assigned work." (Dkt. No. 18 at 6.) That is, Plaintiff alleges he was assaulted by a UPS supervisor for filing a union grievance regarding the supervisor's performance of assigned union work—not for discrimination on a ground protected by Title VII. (Dkt. No. 18 at 6-8.) These allegations fail to state a claim for retaliation under Title VII. *See Ray*, 217 F.3d at 1240.

\*\*\*

Accordingly, Plaintiff's Title VII is dismissed for failure to allege exhaustion and failure to state a claim with leave to amend.

**B. National Labor Relations Act**

Plaintiff's second claim for relief appears to allege a violation of the National Labor Relations Act, 29 U.S.C. § 151-169, ("NLRA"). (Dkt. No. 18 at 9.) Plaintiff alleges "Eric Smith and his relative martin last name unknown acted in attempt to prevent me from pursuing a grievance UPS subsequently ratified these illegal actions and others by blatantly, negligently and egregiously denying when state action was responded to with a federal filing." (*Id*.) Plaintiff then cites Section 7 and Section 8 of the NLRA.

> The NLRA
> 'encourag[es] the practice and procedure of collective bargaining' between labor and management to resolve 'industrial disputes arising out of differences as to wages, hours, or other working conditions.' 49 Stat. 449, 29 U.S.C. § 151. Section 7 of the NLRA protects employees' rights 'to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.' §

5

> 157. Section 8, in turn, prohibits employers and unions from engaging in certain 'unfair labor practice[s],' such as interfering with employees' exercise of their § 7 rights. §§ 158(a), (b).

*Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 775 (2023).

UPS moves to dismiss Plaintiff's NLRA claim as preempted under either *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) or the Labor Relations Management Act ("LMRA").[1] Under *Garmon,* when an activity is "arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." 359 U.S. at 245. So, Plaintiff cannot pursue a claim against UPS under the NLRA.

Plaintiff may be able to pursue a claim under the LMRA. Section 301 of the LMRA "provides a statutory mechanism for vindicating contract rights under a collective bargaining agreement." *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 985 (9th Cir. 2007). Generally, only unions can bring claims in court for violations of labor agreements. *Lerwill v. Inflight Motion Pictures, Inc*., 582 F.2d 507, 511 (9th Cir. 1978). "When the CBA provides exclusive grievance and arbitration procedures, an employee is required to exhaust those procedures and is bound by the results of that process. Thus, '[n]ormally, no judicial remedy lies—the grievance procedure under the CBA is the sole remedy.'" *Love v. Permanente Med. Grp*., No. 12-CV-05679-WHO, 2013 WL 6731463, at *5 (N.D. Cal. Dec. 19, 2013) (internal citations omitted).

But if a union has breached its duty of fair representation during the CBA grievance process, the union employee may not be bound by its outcome. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164 (1983). But, for that to happen, the employee "must prove that the union breached its duty of fair representation before proceeding with a § 301 suit against the employer." *Shane v. Greyhound Lines, Inc*., 868 F.2d 1057, 1060 (9th Cir. 1989). The union employee may bring such claims in a "hybrid" action, "which requires the employee to show both that the union breached its duty of fair representation and that the employer breached the CBA in order to prevail against the employer. *Love*, 2013 WL 6731463, at *5 (quoting *Soremekun*, 509

---

[1] Defendant also contends Plaintiff's Title VII claim is preempted under *Garmon* and the LMRA. Because Plaintiff has neither pled exhaustion nor a claim upon which relief can be granted, the Court declines to consider these preemption arguments at this time.

1   F.3d at 987); *see also Johnson v. United States Postal Service*, 756 F.2d 1461, 1467 (9th Cir.

2   1985) ("[A] cause of action for breach of a collective bargaining agreement may not be maintained

3   if the union provided fair representation.").

4   So, Plaintiff's NLRA claim is dismissed with leave to amend to allege an LMRA claim if

5   Plaintiff can bring such claim consistent with the legal requirements for doing so.

### C. California Labor Code Section 3203

Plaintiff's third claim references Cal. Labor Code § 3203 and alleges "Defendant is subjecting myself to the jurisdiction of state workers compensation courts against the department jurisdictional authority with the assistance of jurisdiction in a clear act of perversion and denial of rights and or due process." (Dkt. No. 18 at 10.) Section 3203 states:

> This division and Division 5 (commencing with Section 6300) do not apply to employers or employments which, according to law, are so engaged in interstate commerce as not to be subject to the legislative power of the state, nor to employees injured while they are so engaged, except in so far as these divisions are permitted to apply under the Constitution or laws of the United States.

Cal. Labor Code § 3203. Section 3203 is a preliminary provision which explains how the other statutes are to be interpreted, but does not give rise to an independent claim for relief. Even if this were not the case, it is unclear how Plaintiff's allegations state a claim under this section. Accordingly, UPS's motion to dismiss Plaintiff's Section 3203 claim is granted.

### D. Crime Victim Rights Act

Plaintiff's fourth claim is for violations of the Crime Victims' Rights Act, 18 U.S.C. § 3771, and the Victims' Rights and Restitution Act of 1990, 34 U.S.C. § 20141. However, neither of these statutes provide a private right of action, that is, neither permits a private party, like Plaintiff, to make a claim under the statute. *See* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction."); 34 U.S.C § 20141(d) ("[t]his section does not create a cause of action or defense in

1  favor of any person arising out of the failure of a responsible person to provide information as
2  required by subsection (b) or (c).").

3  Accordingly, Plaintiff's fourth claim for relief is dismissed for failure to state a claim.

### E. Remaining Claims

While UPS did not specifically move to dismiss Plaintiff's remaining claims, the Court has reviewed these claims and concludes they fail to state a claim upon which relief can be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" "where the claimant cannot possibly win relief.").

Plaintiff's fifth claim for relief references "these unfair labor practices," but does not provide a basis for the claim. Plaintiff's sixth and seventh claims allege a violation of California Civil Code section 3281, and California Labor Code section 3602, respectively. However, beyond repeating the language of the statutes, Plaintiff fails to allege any actions taken by UPS which violate these statutes. *See Iqbal*, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under pleading standard in Fed. R. Civ. P. 8) (citations omitted). Plaintiff's eighth claim alleges a violation of California Labor Code section 3709.5 and references "exceptions to the exclusive remedy rule for actions against the injured worker's employer." (Dkt. No. 18 at 13.) Section 3709.5 discusses satisfaction of judgments through payment of attorney's fees. Plaintiff has not stated a cognizable claim under this section. Plaintiff's ninth claim for violation of 8 U.S.C. § 241 merely recites the language of the statute which criminalizes conspiracies between two or more people to deny someone their constitutional rights. There is no private right of action violations of this statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Accordingly, Plaintiff's fifth through ninth claims fail to state a claim upon which relief can be granted and are dismissed for failure to state a claim.

### F. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). UPS requests dismissal without leave to amend. Given this is

8

the first time Plaintiff has pled any of the claims discussed above—the prior iteration of his complaint appeared predicated on a personal injury claim—the Court grants leave to amend as to those claims that could provide a basis for relief.  So, Plaintiff is granted leave to amend his first claim for relief under Title VII if he can allege exhaustion and an underlying discriminatory basis.  Plaintiff is also granted leave to amend his second (LMRA), fifth ("unfair labor practices"), sixth (California Civil Code Section 3281), and seventh (California Labor Code Section 3602) claims, if he can plead a claim for relief under these provisions in light of the above.  Any amended complaint may also include a common law personal injury claim, to the extent Plaintiff intends to make such a claim.

The amended complaint shall clearly set forth the basis for each legal claim, e.g., the statute sued under, who the claim is pled against, and plead specific facts demonstrating Defendant(s) violated the statute or common law at issue.  To the extent Plaintiff contends he administratively exhausted his Title VII claim, he shall attach a copy of his Right to Sue letter from the EEOC.  Plaintiff may not add new parties or claims without prior leave of court.

### G.  Plaintiff's Motion for Sanctions

After the motion to dismiss was fully briefed, Plaintiff filed a motion for sanctions under Rule 11 based on UPS's "unwarranted, frivolous, and bad faith objections over federal jurisdiction and fictious case law references."  (Dkt. No. 25 at 2.)

Federal Rule of Civil Procedure 11(c) authorizes a party to move for sanctions based on a violation of Rule 11(b).  Rule 11(c), however, imposes "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). In particular, Rule 11(c) contains a "safe harbor" provision, which requires "that any motion for sanctions be served on the offending party at least 21 days before the motion is filed with the court." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor provision." *Id*. Failure to strictly comply with the safe harbor provision bars an award of sanctions under Rule 11(c). *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

UPS opposes Plaintiff's motion for failure to comply with the safe harbor provision,

among other reasons. (Dkt. No. 28 at 2; Dkt. No. 28-1, Prine Decl. at ¶¶ 2-4 (attesting Plaintiff filed the motion for sanctions three days after providing UPS notice of his intent to move for sanctions).) Plaintiff's motion for sanctions is denied for failure to comply with the mandatory safe harbor provisions. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ("the procedural requirements of Rule 11(c)(1)(A)'s "safe harbor" are mandatory.").

## CONCLUSION

For the reasons stated above, the Court GRANTS UPS's motion to dismiss. (Dkt. No. 21.) Plaintiff's first, second, fifth, sixth, and seventh claims are dismissed with leave to amend as set forth above. Plaintiff's third (California Labor Code § 3203), fourth (Crime Victims' Rights Act); eighth (California Labor Code 3709.5), ninth (18 U.S.C. § 241) claims are dismissed without leave to amend because amendment would be futile.

As Plaintiff pleads no facts as to Liberty Mutual, the claims against Liberty Mutual are dismissed without prejudice. As discussed at oral argument, it appears those claims need to be brought in a separate lawsuit.

Any amended complaint is due May 31, 2024. The Court does not believe referral for appointment of counsel is appropriate at this time; however, Plaintiff may wish to contact one or more of the following organizations for assistance regarding the issues discussed at the hearing:

- The Workers' Rights Clinic at Legal Aid at Work at 415-404-9093.
- Bay Area Legal Aid at 1-800-551-5554.
- The Katharine & George Alexander Community Law Center at 408-288-7030.
- Disability Rights California at 1-800-776-5746.

Plaintiff is also encouraged to continue contact the Legal Help Center (tel: 415-782-8982), email: fedpro@sfbar.org) for help regarding his claims in this action.

This Order disposes of Docket Nos. 21, 25.

**IT IS SO ORDERED.**

Dated: May 3, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

10