ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:  (619) 400-0500
Fax:   (619) 400-0501

Attorney for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendant. | Case No.: 3:23-cv-06081-JSC<br><br>Complaint Filed:   October 16, 2023<br>Trial Date:             Not Yet Set<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF NICHOLAS STEPHENS' CORRECTED AMENDED COMPLAINT**<br><br>Date:      August 1, 2024<br>Time:     10:00 a.m.<br>Judge:    Hon. Jacqueline Scott Corley<br>Dept.      8 |

Defendant United Parcel Service, Inc. ("UPS") through its undersigned counsel hereby submits its Reply in Support of its Motion to Dismiss Plaintiff Nicholas Stephens' ("Plaintiff") Corrected Amended Complaint ("CAC").

///

///

## I. PLAINTIFF'S OPPOSITION FAILS TO ARTICULATE AN EXCEPTION TO THE WORKERS' COMPENSATION EXCLUSIVITY DOCTRINE

As stated in Defendant's Motion to Dismiss, Plaintiff's sole cause of action for common law negligence is precluded by the workers' compensation exclusivity doctrine. To this point, Plaintiff actually filed a claim with the Workers' Compensation Appeals Board and is still pursuing that claim to this date. In an attempt to sidestep this clear preemptive doctrine, however, Plaintiff cites California Labor Code § 3602(b) which provides three narrow exceptions to the workers' compensation exclusivity doctrine. Based on the face of the CAC, none of these exceptions apply in this matter.

First, Plaintiff does not allege, nor can he allege, that his injury was caused by a willful physical assault by UPS. *See* Cal. Labor Code § 3602(b)(1). Instead, Plaintiff argues UPS is vicariously liable for its employee's intentional assault. To support this tenuous theory, Plaintiff cites *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.* (1995) 12 Cal.4th 291, 301-02 for the proposition that an employer may be held liable for an assault that is generated by an outgrowth of workplace responsibilities, conditions, or event. This argument is directly abrogated by *Fretland v. County of Humboldt*, Civil No. A078588, 1999 Cal.Wrk.Comp. LEXIS 5227 (1999), which held that liability under § 3602 must be based on positive misconduct by the employer and ***not*** on a theory of vicarious liability. *See Fretland*, 1999 Cal.Wrk.Comp. LEXIS 5227, at * 15. In *Fretland*, the court refused to apply vicarious liability to the employer based on the willful attack on the plaintiff by a co-employee. *Id*., at *14. The court held that extending vicarious liability in this type of scenario would directly contravene Labor Code §3601(b), which "unambiguously prohibits imposing civil liability on an employer for one employee's assault and battery of another." *Id*., at * 15; *see also* Labor Code § 3601(b). As such, Plaintiff cannot rely on a vicarious liability theory to support the exception under § 3602(b)(1).

Further, the CAC does not allege that UPS ratified Mr. Martin's conduct. In fact, the CAC indicates that "UPS Security Officer Thomas" investigated Plaintiff's claims of assault and allowed him to leave work to seek medical care. CAC, at Pg. 4. There is nothing to indicate that UPS adopted this violent act either expressly or through implication. *See Rakestraw v. Rodrigues*, 8 Cal.3d 67, 73 (1972). The CAC also does not allege that UPS failed to discharge Mr. Martin or otherwise respond to the assault. *See Baptist v. Robinson*, 143 Cal.App.4th 151, 169 (2006); *C.R. v. Tenet Healthcare Corp.*, 169 Cal.App.4th 1094, 1110-11 (2009).[1] For the reasons stated above, Plaintiff cannot impute Mr. Martin's liability on UPS and bypass the strictures of the workers' compensation exclusivity doctrine.

Plaintiff also cannot avoid the workers' compensation exclusivity doctrine under Labor Code §3602(b)(2) because the CAC does not allege that Plaintiff's injury was aggravated by UPS' "fraudulent concealment" of the existence of the injury. *See* Cal. Labor Code § 3602(b)(2). To support this theory, Plaintiff simply states that UPS denies the assault. Even accepting Plaintiff's allegation as true, which it is not, denying that an assault occurred is not concealing the existence of the injury, much less fraudulently concealing his injury. Moreover, Plaintiff has represented in multiple pleadings and court appearances that he is pursuing a workers' compensation claim pertaining to his assault. Clearly, UPS is not concealing the existence of the injury while Plaintiff seeks his remedies through the workers' compensation tribunal.

Plaintiff refers to *Johns-Manville Products Corp. v. Superior Court*, 27 Cal.3d 465 (1980), where the California Supreme Court elaborated on this exception based on the aggravation of a disease due to the employer's fraudulent concealment of the conditions of its cause. *See Johns-Manville*, 27 Cal.3d at 477. In that case, the plaintiff

---

[1] While outside the pleadings, following the March 22, 2022 altercation, Eric Smith (the Center Manager) instructed Mr. Griffin that he was not to return to work pending UPS' investigation into the matter. Mr. Griffin was on an involuntary leave during the investigation. UPS ultimately terminated Mr. Griffin's employment as a result of the investigation.

alleged the defendant fraudulently concealed Plaintiff ingested asbestos at work, which prevented his treatment for the disease. *Id.*, at 477. In permitting this narrow exception the court recognized that,

> We conclude the policy of exclusivity of workers' compensation as a remedy for injuries in the employment would not be seriously undermined by holding defendant liable for the aggravation of this plaintiff's injuries, *since we cannot believe that many employers will aggravate the effects of an industrial injury by not only deliberately concealing its existence but also its connection with employment*.

*Johns-Manville*, 27 Cal.3d at 478 (emphasis added).  Unlike the admittedly rare circumstances in *Johns-Manville*, Plaintiff did not contract asbestos or any other illness that UPS could conceal.  Instead, Plaintiff was allegedly assaulted in broad daylight, UPS Security immediately conducted an investigation into the assault, and Plaintiff has sought to vindicate his rights through the workers' compensation courts.  Neither Plaintiff's CAC nor his Opposition provide any meaningful analysis as to how UPS purportedly concealed his alleged injury.  Accordingly, this rare exception does not apply.

Finally, Cal. Labor Code § 3602(b)(3) does not apply because Plaintiff's injury was not proximately caused by a defective product manufactured by UPS.  *See* Cal. Labor Code § 3602(b)(3).  None of the exceptions to the workers' compensation exclusivity doctrine enumerated in § 3602 apply.

## II. PLAINTIFF'S OPPOSITION FAILS TO IDENTIFY ANY COGNIZABLE LEGAL DUTY UPS OWED TO PLAINTIFF IN THIS PARTICULAR SITUATION

Plaintiff cannot establish a legal duty of care to support his negligence claim.  In his Opposition, Plaintiff attaches the UPS Business Code of Conduct ("Code of Conduct") to show that UPS accepted full responsibility for the acts of its employees.  Preliminarily, the terms of the Code of Conduct are mentioned nowhere in the CAC

and, thus, Plaintiff cannot rely on this extrinsic document to cure his deficient pleading. Even if Plaintiff was allowed to amend the CAC to incorporate these terms, the Code of Conduct merely prohibits workplace violence. It does not instill a legal duty on UPS to protect its workers from acts of violence. Contrary to Plaintiff's assertion, the Code of Conduct does ***not*** state that UPS "accepts full responsibility for any misconduct committed by its employees". *See* Opposition, at Pg. 5. Plaintiff's reliance on the Code of Conduct to create a legal duty is misplaced.

Plaintiff also broadly cites to the Occupational Safety Health Act ("OSHA") and the California Labor Code to support an ostensible legal duty. However, the legal prohibitions against retaliation in OSHA and the California Labor Code do not create a *per se* duty for UPS to protect its employees. To date, Plaintiff has yet to provide any authority for UPS' alleged legal duty to "provide a safe workplace [sic] safe free of danger to employees." *See* CAC, Pgs. 4-5. Plaintiff's negligence claim should be dismissed as a matter of law. *See Montez v. Young Men's Christian Assn. of Glendale, California*, 81 Cal.App.5th 1134, 1139-40 (2022) (restating that the existence of a duty is question of law for the court).

### III. THIS COURT SHOULD NOT CONSIDER PLAINTIFF'S EXTRINSIC EVIDENCE WHEN DECIDING THIS MOTION TO DISMISS

As discussed above, Plaintiff's Opposition introduces extrinsic evidence, specifically, UPS' Code of Business Conduct and a Liberty Mutual correspondence. Plaintiff's Opposition also introduces a myriad of new facts that are nowhere to be found in the CAC. Although Plaintiff cannot save his CAC with or without this extrinsic evidence, the Court may not consider extrinsic evidence as a threshold issue. In deciding a Rule 12(b)(6) motion, a court may only consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swatz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, Plaintiff's Opposition asserts many supposed "facts" that are nowhere to be found in the four corners of his CAC, and the exhibits attached thereto. For example, Plaintiff

alleges Mr. Smith was a legally defined representative of UPS, and Plaintiff mentions and attaches several documents that are not discussed in Plaintiff's CAC. Plaintiff cannot rely on extrinsic evidence to oppose Defendant's Motion to Dismiss.  As such, the Court should not consider this evidence when deciding this Motion to Dismiss.

## IV.   CONCLUSION

For the reasons stated above, UPS respectfully requests this Court dismiss Plaintiff's CAC with prejudice.

Dated:  July 12, 2024                                     DINSMORE & SHOHL LLP

By: */s/ Robert D. Prine*
ROBERT D. PRINE
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

6

3:23-CV-06081-JSC

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CORRECTED AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREON

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per L.R. 5-1.  Any party or counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, and/or overnight delivery as indicated below:

Nicholas Stephens                               *Plaintiff*
19983 Forest Avenue, Apt. 1
Castro Valley, California  94546
Tele:  (510) 586-4420
Email: nickstephens120@yahoo.com


I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.


        /s/ Robert D. Prine
        ROBERT D. PRINE