UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No. 3:23-cv-06081-JSC<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 118, 123 |

    Nicholas Stephens, who is representing himself, filed this negligence/personal injury action against his former employer United Parcel Service ("UPS") following an incident in which another UPS employee assaulted him. The parties' cross-motions for summary judgement are pending before the Court. (Dkt. Nos. 118, 123.[1]) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS UPS's motion for summary judgment. Plaintiff's sole claim for negligence/personal injury is barred by the workers' compensation exclusivity rule so his only remedy is through workers' compensation, not a damages action in this Court.

**SUMMARY JUDGMENT RECORD**

    Plaintiff was hired by UPS in 2017 or 2018 as a pre-loader at the Oakland Airport facility and as such, was a member of the Teamsters union local. (Dkt. No. 123-1, Stephens Depo. at 15:18-21; 26:5-21.) On March 22, 2022, Plaintiff was conducting a building inspection and observed Martin Griffin, a UPS supervisor,[2] performing union work unloading a belt. (*Id.* at 67:9-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Mr. Griffin was not Mr. Stephens' supervisor as Stephens testified he had not met Griffin before March 22, 2022. (Dkt. No. 123-1, Stephens Depo. at 60:5-10.)

1   19; 71:22-72:4.)  Plaintiff asked him to stop working and Mr. Griffin responded with profanity
2   telling him "Get out of my work area." (*Id.* at 72:9-22.)  Plaintiff walked away and began
3   preparing a union grievance about Mr. Griffin performing union work. (*Id.* at 72:25; 77:10-24.)
4         Later that day, Plaintiff went to his vehicle in the UPS parking lot.  The evidence is
5   disputed as to whether this occurred on Plaintiff's lunch break, or whether he was just walking to
6   his car to get cigarettes and then returning to work because he was working through his lunch
7   break.  (*Compare Id.* at 85:24-86:11 (testifying he was working through lunch and getting
8   cigarettes from his car) *with* Dkt. No. 128 at 8 (Plaintiff's opposition brief stating it was on his
9   lunch break).)  When he arrived at his car, Plaintiff saw Mr. Griffin sitting on his car trunk. (Dkt.
10  No. 123-1, Stephens Depo. at 92:6-10.)  Plaintiff opened his car door to get his cigarettes and
11  wallet and told Mr. Griffin to get off his car.  (*Id.* at 93:17-94:6.)   Mr. Griffin responded "get out
12  the car, white boy.  I'm going to beat your ass.  You want to grieve me?  Get out of the fucking
13  car."  (*Id.* at 94:7-9.)  Mr. Griffin told Plaintiff to take off his jacket, which he did, and then Mr.
14  Griffin started hitting him.  (*Id.* at 95:5-8.)  Later that day, Plaintiff was seen at the Kaiser
15  emergency room and was diagnosed with contusions to his face and chest as well as a neck strain.
16  (Dkt. No. 133 at 8.)  Plaintiff was later diagnosed with a significant traumatic brain injury with
17  impairment of executive functioning and stimulus processing.  (*Id.* at 23.)
18        Plaintiff filed a workers compensation action based on the March 22, 2022 incident.  (Dkt.
19  No. 123-1, Stephens Depo. at 20:14-19.)

## PROCEDURAL HISTORY

21        Plaintiff, representing himself, filed this action in the Alameda County Superior Court.
22  (Dkt. No. 1-1 at 2.)  UPS removed the action to this court based on diversity jurisdiction.  (Dkt.
23  No. 1 at 3.)  The Court dismissed the initial complaint under Federal Rule of Civil Procedure 8
24  with leave to amend and Plaintiff's first amended complaint added Liberty Mutual Insurance
25  Company as a Defendant and alleged nine claims for relief.  (Dkt. No. 18.)  Defendants moved to
26  dismiss and the Court granted the motion, again with leave to amend except as to those claims for
27  which there is no private right of action and the claims as to Liberty Mutual which needed to be
28  brought in a separate action.  (Dkt. No. 29.)

United States District Court
Northern District of California

Plaintiff thereafter filed a second amended complaint, which UPS again moved to dismiss. (Dkt. Nos. 36, 38.) The Court referred the case to a magistrate judge for a settlement conference and appointed counsel to represent Plaintiff for purposes of the settlement conference. (Dkt. Nos. 42, 43, 45.) Two months later, Plaintiff terminated his relationship with pro bono counsel stating he preferred to represent himself and the Court granted counsel's motion to withdraw. (Dkt. Nos. 55, 57.) After the case did not resolve at the settlement conference, the Court denied UPS's motion to dismiss as to Plaintiff's negligence/personal injury claim and granted Plaintiff leave to amend to plead facts in support of his intentional infliction of emotional distress claim. (Dkt. Nos. 65, 69.) Plaintiff did not file an amended complaint and later indicated he intended to proceed on his single negligence claim. (Dkt. Nos. 94, 102.)

The parties' cross-motions for summary judgment are now pending before the Court. (Dkt. Nos. 118, 123.)

## EVIDENTIARY OBJECTIONS

Plaintiff filed a motion to strike the Eric Smith declaration submitted with UPS's motion for summary judgment and to strike UPS's submission of his deposition transcript. (Dkt. Nos. 126, 127.) As a threshold matter, these motions violate Civil Local Rule 7-3(c), which requires "[a]ny evidentiary and procedural objections to the motion ... be contained within the [opposition] brief or memorandum." N.D. Cal. Civ. L.R. 7-3(a). "Courts in this district regularly strike separately-filed evidentiary objections and responses for violating Local Rule 7-3." *Go Daddy Operating Co., LLC v. Ghaznavi*, No. 17-CV-06545-PJH, 2018 WL 1091257, at *14 (N.D. Cal. Feb. 28, 2018) (collecting cases re: same).

In any event, the objections are overruled. Plaintiff's objection to Mr. Smith's declaration appears to be that the declaration is a surprise. (Dkt. No. 126 at 3-4.) But UPS was not required to provide Plaintiff with a copy of the declaration prior to its submission. Mr. Smith is the operations manager at the UPS facility where Plaintiff worked and Plaintiff identified him as a percipient witness in every version of his complaint. (*See, e.g.*, Dkt. No. 18 at 9; Dkt. No. 30 at 3; Dkt. No. 36 at 3.) Plaintiff does not contend he sought discovery from or about Mr. Smith, which UPS failed to provide. Further, the Court held multiple status conferences to discuss discovery

3

1  and Plaintiff did not raise any issue regarding his ability to obtain discovery regarding Mr. Smith
2  or any other UPS witnesses. (Dkt. No. 94 (Order following April 8, 2025 case management
3  conference stating "Plaintiff confirmed he has all the discovery he needs from UPS").)  There is
4  therefore no basis to exclude Mr. Smith's declaration.  *See* Fed. R. Civ. P. 37(c)(1) (stating it is
5  when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)"
6  that "the party is not allowed to use that information or witness to supply evidence on a motion.").
7  Nor has Plaintiff submitted a declaration pursuant to Federal Rule of Civil Procedure 56(d)
8  attesting that he "cannot present facts essential to justify [his] opposition" without additional
9  discovery.  *See* Fed. R. Civ. P 56(d).  Accordingly, Plaintiff's objections to Mr. Smith's
10 declaration are overruled.
11     As to Plaintiff's objection to UPS's submission of his deposition transcript, his objection
12 appears limited to the errata he submitted after his deposition.  (Dkt. No. 127 at 4.)  Because the
13 Court does not consider or rely on the errata for purposes of this Order, Plaintiff's objection is
14 moot.

## DISCUSSION

16 Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment,
17 identifying each claim or defense—or the part of each claim or defense—on which summary
18 judgment is sought." Summary judgment is proper "if the movant shows that there is no genuine
19 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
20 Civ. P. 56(a). The moving party bears the initial burden of demonstrating the lack of a genuine
21 issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden then
22 moves to the opposing party, who must present significant probative evidence tending to support
23 its claim." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991)
24 (cleaned up). In ruling on a motion for summary judgment, the Court must "view the evidence
25 presented through the prism of the substantive evidentiary burden*." Anderson v. Liberty Lobby,*
26 *Inc.*, 477 U.S. 242, 254 (1986). The evidence of the non-movant is to be believed, and all
27 justifiable inferences are to be drawn in the non-movant's favor. *Id.* at 255.
28 "[W]hen simultaneous cross-motions for summary judgment on the same claim are before

4

1  the court, the court must consider the appropriate evidentiary material identified and submitted in

2  support of both motions, and in opposition to both motions, before ruling on each of them." *Fair*

3  *Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001). In

4  other words, the Court will consider all evidence in the record, regardless of whether a party

5  identified it in support of or in opposition to a motion.

### A.  Worker's Compensation Exclusivity Rule

"Under California law, both physical and emotional injuries sustained in the course of employment are pre-empted by the state workers' compensation scheme and generally will not support an independent cause of action." *Grotz v. Kaiser Found. Hosps.*, No. 12-3539 EMC, 2012 WL 5350254, at *10 (N.D. Cal. Oct. 29, 2012) (citing *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987)). This legal principle is known as the worker's compensation exclusivity rule. UPS insists Plaintiff's negligence/personal injury claim is barred by this rule. The Court previously denied UPS's motion to dismiss on this same basis finding UPS failed to meet its burden of demonstrating as a matter of law the workers compensation exclusivity rule applies. (Dkt. No. 69 at 5.)

Under the workers' compensation exclusivity rule, which is codified in Labor Code sections 3600, 3601, and 3602, "an injury sustained by an employee arising out of and in the course of his or her employment is compensable by way of a workers' compensation insurance award only, not by a tort judgment." *Lee v. W. Kern Water Dist.*, 5 Cal. App. 5th 606, 624 (2016). Workers' compensation liability exists "in lieu of any other liability whatsoever" "against an employer for any injury sustained by his or her employees arising out of and in the course of the employment" if specified "conditions of compensation concur[.]" Cal. Lab. Code § 3600(a).

> The "exclusivity rule" is based upon a presumed compensation bargain: "[T]he employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort."

*Jones v. Regents of Univ. of California*, 97 Cal. App. 5th 502, 507–08 (2023) (quoting *LeFiell*

*Mfg. Co. v. Superior Ct.*, 55 Cal. 4th 275, 279 (2012)).

"[A] two-step analysis normally is required to determine whether a claim is within the exclusive jurisdiction of the Workers' Compensation Appeals Board (WCAB)." *Operating Engineers Loc. 3 v. Johnson*, 110 Cal. App. 4th 180, 185 (2003). The first step of the analysis determines whether the plaintiff's alleged injury falls within the workers compensation exclusive remedy provisions. While Labor Code 3600(a) lists 10 alternative "conditions of compensation" for the alleged injury to fall within the exclusive remedy, California courts have explained the first step generally entails determining whether the plaintiff is seeking to recover "for personal injury or death sustained in and arising out of the course and scope of employment." *Id.* at 185-86 (cleaned up).

If the first step is satisfied, that is, the plaintiff's claim is for personal injury or death arising out of the course and scope of employment, then the second step determines whether an exception to workers compensation exclusivity applies. The defendant invoking the protections "of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application." *Doney v. Tambouratgis*, 23 Cal. 3d 91, 96 (1979).

### 1.     Step One: Within the Conditions of Compensation

UPS contends at least two of the "conditions of compensation" apply here: (1) "Where, at the time of injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment," and (2) "[w]here the injury is proximately caused by the employment, either with or without negligence." Cal. Lab. Code §§ 3600(a)(2), (3).

"The requirement that the employee be acting in the course of employment … means the injury happened at a time when the employee was working and in the place of employment." *Lee*, 5 Cal. App. 5th at 624-25. Generally, "injuries occurring on the premises of the employer [] as opposed to merely the work stations of the employees during a regular lunch break arise within the course of employment, as being incidental to such employment." *Gutierrez v. Petoseed Co.*, 103 Cal. App. 3d 766, 769 (1980) (cleaned up). Likewise, "employees who, within the time and space

6

limits of their employment, engage in acts which minister to their personal comfort do not thereby ordinarily leave the course of their employment." *Id*. at 768-69. As Plaintiff concedes in his opposition brief that "his injury occurred while he was on his lunch break in and around his vehicle which was parked in UPS's parking lot," that is, on UPS premises, it is undisputed the injury occurred during the course of his employment. (Dkt. No. 128 at 8.) *See Gutierrez*, 103 Cal. App. 3d at 769 (holding injuries that occur on an employer's premises during a lunch break are exclusively compensable through workers compensation). Plaintiff is seeking compensation for injuries that occurred during the course and scope of his employment even if, as Plaintiff testified at deposition, the assault occurred while he was just going to his car to get cigarettes while working through his lunch break. (Dkt. No. 123-1, Stephens Depo at 85:24-86:11.)

And every reasonable trier of fact would have to find "a causal connection between [Plaintiff's] employment and the injury." *California Comp. & Fire Co. v. Workmen's Comp. Appeals Bd.*, 68 Cal. 2d 157, 160 (1968).

> [A] sufficient causal connection between the injury and the employment is shown where the employment was a contributory cause of the injury, [] where the injury occurs on the employer's premises while the employee is in the course of his employment the injury also arises out of the employment unless the connection is so remote from the employment that it is not an incident thereof, and that an injury can arise out of the employment even though the employer had no connection with or control over the force which caused the injury.

*Id*. (discussing *Madin v. Indus. Accident Com*. 46 Cal. 2d 90 (1956) (concluding injuries to 24-hour managers of rental property who were injured when a bulldozer which was being used in the neighborhood was started by some boys and pushed through the walls of the employees' bedroom were casually connected to their employment). "The proximate causation requirement is fulfilled if the employment be a contributory cause of the injury; it need not be the sole cause." *Ross v. Workmen's Comp. Appeals Bd.*, 21 Cal. App. 3d 949, 955 (1971).

Here, every reasonable trier of fact would have to find Mr. Griffin's assault on Plaintiff was causally connected to Plaintiff's employment given Plaintiff testified Mr. Griffin assaulted him because Plaintiff asked him to stop performing union work and prepared a grievance about Mr. Griffin performing union work. (Dkt. No. 123-1, Stephens Depo. at 72:25; 77:10-24.)

7

1  Plaintiff does not identify any evidence suggesting a different motive, and the Court's own review
2  of the record does not reveal a dispute as to Mr. Griffin's motive.  So, Defendant has met its
3  burden of showing every reasonable trier of fact would have to find the first step satisfied.

### 2. Step Two: No Exception to the Exclusivity Rule Applies

#### a. Labor Code Section 3601(a)

Labor Section 3601(a)(1) provides an exception to the workers compensation exclusivity rule, and allows an employee to bring a damages action against another employee, "[w]hen the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee."  But Mr. Stephens has not brought any claims against Mr. Griffin, the coworker who, a trier of fact could find, caused Mr. Stephens' injuries "by [a] willful and unprovoked physical act."   This exception simply does not apply to Mr. Stephens' claim against UPS.

#### b. Labor Code Section 3602(b)

Labor Code Section 3602(b) provides another exception to workers compensation exclusivity.  Under this exception, the employer can be held liable in court for damages if "the employee's injury or death is proximately caused by a willful physical assault by the employer" or "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment." Cal. Labor Code §§ 3602(b)(1)-(2).

No reasonable trier of fact could find this exception is satisfied. It only applies if the assault was committed by the employer; that is, it would have to have been committed by UPS. *See Fretland v. Cnty. of Humboldt*, 69 Cal. App. 4th 1478, 1486 (1999) (stating the "exception applies if [the] alleged attack constitutes a willful physical assault by [the plaintiff's] employer."). Under workers' compensation law, an employer is one who hires someone to perform a service. *Heiman v. Workers' Comp. Appeals Bd.*, 149 Cal. App. 4th 724, 736 (2007), as modified (Apr. 11, 2007), as modified (Apr. 20, 2007) (citing Cal. Lab. Code §§ 3300, 3351). Plaintiff does not argue Mr. Griffin was his employer and the undisputed evidence is that while Mr. Griffin was a UPS supervisor, he was not Plaintiff's supervisor as Plaintiff had never met him before the day of the

8

assault. Instead, Plaintiff contends UPS is liable under the exception in Section 3602(b) based on respondeat superior or a ratification theory. Neither argument is persuasive.

### i. Respondeat superior

Respondeat superior allows an employer to "be held vicariously liable for torts committed by an employee within the scope of employment." *Fretland*, 69 Cal. App. 4th at 1486 (internal citations omitted). But "the doctrine of respondeat superior cannot be used to extend the section 3602, subdivision (b)(1) exception to exclusivity to an employer." *Id.* In *Fretland*, the court held workers compensation exclusivity applied to a plaintiff's claim against his employer for damages arising from a coworker's assault: "Section 3602, subdivision (b)(1), does not authorize a civil action against an employer for injury resulting from the willful assault of a coemployee based on a theory of respondeat superior." *Id.* at 1489.

### ii. Ratification

Notwithstanding the workers compensation exclusivity rule, an employee may seek damages in court against his employer for another employee's assaultive conduct under the ratification doctrine. *Id*. "The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery." *Baptist v. Robinson*, 143 Cal. App. 4th 151, 169 (2006). Likewise, "[t]he failure to discharge an employee after knowledge of his or her wrongful acts may be evidence supporting ratification." *Delfino v. Agilent Techs., Inc*., 145 Cal. App. 4th 790, 810 (2006). Plaintiff contends UPS is liable under a ratification theory because UPS's "operations manager notified Martin [Griffin] of Plaintiff's planned grievance, advised Martin [Griffin] of the location of Plaintiff's vehicle before the attack, refused to disclose Martin [Griffin]'s identity, and took adverse action against Plaintiff following the attack." (Dkt. No. 128 at 11.)

No reasonable trier of fact could find UPS liable under a ratification theory. In support of its motion for summary judgment, UPS offers a declaration from Eric Smith who was and is the operations manager at the UPS facility where Plaintiff worked. (Dkt. No. 123-2, Smith Decl. at ¶ 1.) Mr. Smith attests he is not related to Mr. Griffin, he did not inform Mr. Griffin that Plaintiff intended to file a grievance against him, he "never directed Mr. Griffin to confront or harm"

1   Plaintiff, and "UPS conducted an immediate investigation into [the] incident" with Mr. Griffin,
2   and "Mr. Griffin was promptly terminated for the altercation with Mr. Stephens." (Dkt. No. 123-2
3   at ¶¶ 4-7.)
4   　　　　Plaintiff has not identified any evidence which either contradicts Mr. Smith's testimony or
5   otherwise supports an inference UPS ratified Mr. Griffin's conduct, and the Court's own review of
6   the record did not disclose any such evidence. Instead, in opposition to summary judgment,
7   Plaintiff produced medical records, excerpts from medical articles, and excerpts from various
8   collective bargaining agreements. (Dkt. No. 133.) Further, the Court has reviewed Plaintiff's
9   deposition testimony and it does not create a dispute of fact on this issue. Plaintiff testified he
10  assumed Mr. Griffin was related Mr. Smith. (Dkt. No. 123-1, Stephens Depo. at 104:2-10.)
11  Plaintiff also testified that based on the way Mr. Griffin was acting "I can assume literally no
12  doubt that UPS told him to go beat me up. And that would have been either Wayne or Eric." (*Id*.
13  at 104:24-105:1.) This exchange followed that testimony:

> Q. Okay. And I don't want you to -- to speculate during the deposition. Is there anything that supports your –
>
> A. Nothing.
>
> Q. -- your speculation?
>
> A. Nothing. Like I said, he just knew about the grievance. And the only person that knew about a grievance was Eric, it being handed to him, and Wayne being told over the phone what -- through text message, what happened.
>
> Q. Okay. And other than your -- your speculation that there was a conversation between Eric Smith and Mr. Griffin, do you have any other belief that UPS would have informed Mr. Griffin to fight you?
>
> A. No. The guy knew where my car was and knew about the grievance, you know.
>
> Q. Do you have any reason to dispute that UPS terminated Mr. Griffin?
>
> A. No. As far as I know, they gave him a promotion.
>
> Q. Okay. Do you have any -- and you said you believe they gave him a promotion; is that right?

10

>A. I said -- you asked me, do I believe if they terminated him? I said as far as I believe, they promoted him. I don't think that he's terminated.
>
>Q. Okay. Would it surprise you to learn that he was terminated immediately after the March 22nd incident?
>
>A. No, but I -- I appreciate that UPS is telling me that.
>
>Q. And do you have any reason to dispute that he was terminated because he hit you?
>
>A. No. You -- I mean, it was – it's on tape. If That's why UPS fired him, that's why UPS fired him. It's clear.
>
>Q. Okay. Did -- did anyone tell you that he received a promotion?
>
>A. No. I just assumed because he was there about a grievance. So they wanted him to beat me up, so they would reward him by giving him a promotion.

(*Id*. at 105:2-106:16.)

Drawing all reasonable factual inferences in Plaintiff's favor, his testimony does not create a dispute of fact as to whether UPS ratified Mr. Griffin's conduct. Plaintiff does not offer any evidence (other than his own speculation) that UPS either directed the assault or failed to investigate the assault, and critically, Plaintiff does not dispute Mr. Smith's testimony that UPS fired Mr. Griffin after the incident. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll*., 83 F.3d 1075, 1081–82 (9th Cir. 1996).

***

In sum, "there is no exception to the exclusivity provisions of the workers' compensation law permitting an employee to hold an employer civilly liable for another employee's misconduct pursuant to the doctrine of respondeat superior," *Fretland*, 69 Cal. App. 4th at 1492, and the record does not include evidence sufficient to support a finding by a reasonable trier of fact that UPS ratified the assault committed by Mr. Griffin. So, the workers' compensation exclusivity rule applies and UPS is entitled to summary judgment on Plaintiff's negligence/personal injury claim.

//

**CONCLUSION**

A reasonable trier of fact could find Mr. Griffin assaulted Mr. Stephens and injured him. And he is likely entitled to workers compensation for the assault. But for the reasons stated above, he may not pursue his damages claim against UPS in this Court. So, UPS's motion for summary judgment is GRANTED. Workers' compensation is the exclusive remedy for Plaintiff's claim against UPS.

The Court will enter judgment by separate order.

This Order disposes of Docket Nos. 118, 123, 126, and 127.

**IT IS SO ORDERED.**

Dated: December 12, 2025

JACQUELINE SCOTT CORLEY
United States District Judge